# Third District Court of Appeal

## State of Florida

Opinion filed June 19, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1124
Lower Tribunal No. 21-978-A-P
_____

**Ayuxey Gonzalez-Hernandez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Monroe County, Sharon I. Hamilton, Judge.

Michael Ufferman Law Firm, P.A., and Michael Ufferman (Tallahassee), for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before LOGUE, C.J., and GORDO and LOBREE, JJ.

LOBREE, J.

Ayuxey Gonzalez-Hernandez appeals from his adjudication of guilt and

sentence after jury trial on eight misdemeanor charges, raising error in striking his notice of expiration of speedy trial and denying his motion for discharge pursuant to Florida Rule of Criminal Procedure 3.191. A trial court's ruling on a speedy trial motion to discharge presents mixed questions of law and fact. The trial court's factual findings will be sustained if supported by competent, substantial evidence and its application of the law to the facts is reviewed de novo. Davis v. State, 286 So. 3d 170, 173–74 (Fla. 2019).

Gonzalez-Hernandez contends that the trial court's sole reason for striking his notice of expiration of speedy trial was its belief that he had allegedly waived his speedy trial rights during hearings on September 15, 2021, and November 10, 2021. Clerk's minutes in the court record did contain check boxes reflecting a speedy trial waiver. However, a review of the transcripts of both hearings establishes that Gonzalez-Hernandez did not waive his speedy trial rights during either. As competent, substantial evidence does not support the trial court's finding of a waiver of speedy trial, we vacate the judgment of conviction and sentence and remand for discharge. See Fla. R. Crim. P. 3.191(p). Given our disposition, we need not reach the remaining issues raised on appeal.

Reversed and remanded.